UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| KEITH STODDARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-1338 (ABJ) |
| | ) | |
| COURT SERVICES AND OFFENDER SUPERVISION AGENCY FOR THE DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Pet."). For the reasons stated below, the petition will be denied and this civil action will be dismissed.[1]

On January 18, 2013, in the Superior Court of the District of Columbia, petitioner was found guilty on two counts of failing to register as a sex offender. Pet. ¶ 5. He "was sentence[d] to one hundred twenty (120) days of incarceration, consecutively, and nine (9) months of probation, concurrently, for each of the two counts." *Id*. ¶ 6. He filed an appeal on January 22, 2013 to the District of Columbia Court of Appeals. *Id* ¶ 7. Notwithstanding the government's Motion to Vacate Convictions and Remand for Dismissal of Information filed in the Court of Appeals on August 21, 2013, *id*. ¶ 13 (Ground Two), the convictions remain on petitioner's record, *id*., Ex. (Criminal History Request dated May 13, 2014). As a result,

---

[1] The Court presumes without deciding that petitioner is "in custody" for purposes of this habeas petition.

petitioner allegedly "is being ridiculed and harassed for a conviction that has been overturned by the District of Columbia Court of Appeals," *id*. (Ground Four). He demands "dismissal of these convictions as order[ed] by the District of Columbia Court of Appeals." *Id*. ¶ 15.

Although habeas relief in federal court is available to a District of Columbia Code offender who "is in custody in violation of the Constitution . . . of the United States," 28 U.S.C. § 2241(c)(3), this court cannot entertain the petition "if it appears that the [petitioner] has failed to make a motion for relief under [D.C. Code § 23–110] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention," D.C. Code § 23-110(g) ; *see also Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (finding that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is inadequate or ineffective to test the legality of his detention"); *Garris v. Lindsay*, 794 F.2d 722, 725, 726 (D.C. Cir. 1986) (per curiam) (stating that "a prisoner under a sentence imposed by the Superior Court of the District Court of the District of Columbia may collaterally challenge the constitutionality of his conviction by moving in that court for vacatur of his sentence"). Furthermore, as this court is without authority to review or overturn any judgment of the District of Columbia courts, *see, e.g., Kinard v. United States*, No. 12-0180, 2012 WL 379514, at *1 (D.D.C. Feb. 2, 2012), it cannot dismiss the convictions either.[2]

An Order is issued separately.

DATE: August 18, 2014
/s/
AMY BERMAN JACKSON
United States District Judge

---

[2] Review of Superior Court public records (https://www.dccourts.gov/pa/) indicates that both the charges and the criminal case, No. 2012 CMD 01694, were dismissed on June 3, 2014.

2